Ralph Edward WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 098-83.

Court of Criminal Appeals of Texas, En Banc.

Jan. 18, 1984.

Mike Brown, Lubbock, for appellant.

John T. Montford, Former Dist. Atty. and Mike Irish, Former Asst. Dist. Atty., Jim Bob Darnell, Dist. Atty. and Hollis M. Browning, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CLINTON, Judge.

The question upon which we granted discretionary review is: When an issue of incompetency to stand trial is raised during trial, by what standard is the trial court to determine whether there is evidence to support a finding of incompetency to stand trial? Stated in other terms, was *Johnson v. State,* 564 S.W.2d 707 (Tex.Cr.App.1977) correctly decided, given the subsequent opinion of the Court in *Sisco v. State,* 599 S.W.2d 607 (Tex.Cr.App.1980).

On original submission the Amarillo Court of Appeals followed *Sisco v. State,* supra, found "some probative evidence" that appellant was not competent to stand trial, sustained his second ground of error and reversed the judgment, remanding the cause to the trial court to conduct a hearing before a jury to determine the matter. *Williams v. State,* 628 S.W.2d 848 (Tex.App. —Amarillo 1982).

On a motion for rehearing filed by the State, 636 S.W.2d 1, we granted its petition for discretionary review and remanded the cause to the court below for it to address a contention of the State—not previously made—that a motion filed and presented by appellant after verdict of the jury but before assessment of punishment did not raise an issue of competency to stand trial. The Amarillo Court of Appeals has now resolved that contention against the State, reconsidered appellant's second ground of error and overruled it on the basis of *Johnson v. State,* supra, among other cases. *Williams v. State,* (Tex.App.—Amarillo, No. 07–81–0004–CR, delivered November 22, 1982).

We agree that the issue of incompetency was raised "during the trial" under Article 46.02, § 2(b) and § 4(c), V.A.C.C.P., but find that the court below was correct when on original submission it sustained the second ground of error and remanded the cause to the trial court for a jury determination of the issue thus raised. *Sisco v. State,* supra.

*Sisco* construes the statutory language of *id.,* § 2(a), when the competency issue is raised pretrial: "if the court determines *there is evidence to support a finding of incompetency to stand trial.*" [1] When the issue is raised "during trial," § 2(b) mandates that "the court ... determine whether or not *there is evidence to support a finding of incompetency to stand trial,*" and § 4(a) provides in either situation, "If the court determines that *there is evidence to support a finding of incompetency to stand trial ...,*" as does § 4(c). Thus, the Legislature utilized the exact same statutory standard throughout.

In *Johnson v. State,* supra, the majority of a divided Court said that the Legislature "did not intend to enlarge upon *Pate v. Robinson* [383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)] but sought to codify its holding as well as prior case law," *Johnson,* at 710, and concluded that the Legislature did intend "to preserve bona fide doubt in the mind of the trial judge as the standard

1. All emphasis is added by the writer of this opinion unless otherwise indicated.

of proof" to be met during trial, *id.,* at 711. Yet, the *Johnson* majority did not point to and we have been unable to find any extrinsic indication whatsoever that the Legislature so intended construction of an identically stated standard to depend upon when the issue is raised.

■ The *Johnson* majority was nagged by the thought of "an interruption of a trial on the merits in response to baseless claims of incompetency," *id.,* at 710. However, the *Sisco* standard does not require that, nor does § 2(b). Section 4(c) does contemplate that when the issue is raised in a manner other than pretrial as prescribed by § 2(a), the trial court is to determine whether "there is evidence to support a finding of incompetency to stand trial." But it does not necessarily "require a halting of proceedings and a separate determination on competency," *Johnson,* at 710. After all, the judge of the trial court is hearing testimony and attending admission of evidence as trial progresses, and it would be a matter of exercising discretion to decide *when* to conduct the "inquiry," *Johnson, id.,* at 712–713 (Odom, J., dissenting)—as opposed to *whether* to make it. Making such an inquiry may await closing of the evidence in order that the court be well informed in making its determination of whether there is evidence to support a finding of incompetency. *Johnson, id.,* 712 (Odom, J., dissenting). If it be determined that there is evidence to support a finding of incompetency to stand trial the Legislature left the court free to set the issue for hearing "at any time prior to the sentencing of the defendant," § 4(c). In sum, the *Johnson* majority was moved by "unfounded fears," *id.,* at 713, to find a legislative intent that the statutory language facially rejects.

■ We hold that the statutory standard —"there is evidence to support a finding of incompetency to stand trial"—as construed in *Sisco* is to be applied consistently throughout Article 46.02 proceedings whenever the issue is raised during the course of a criminal action such that the trial court must make that determination. *Johnson v.*

*State,* supra, is overruled along with its progeny.

The Amarillo Court of Appeals correctly sustained appellant's second ground of error in its initial opinion. Accordingly, the judgment now before the Court is reversed and the cause remanded to the court of appeals for it to reinstate its judgment on original submission.

ONION, P.J., and W.C. DAVIS, McCORMICK and CAMPBELL, JJ., dissent.