**Henry L. JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–84–024–CR.**

Court of Appeals of Texas, Texarkana.

Sept. 17, 1985.

GRANT, Justice.

Henry L. Johnson appeals his conviction for possession of hydromorphone with assessed punishment of sixteen years confinement. Johnson waived indictment and trial by jury on April 11, 1983, and entered a plea of guilty to the trial court. On October 25, 1983, Johnson was assessed punishment and sentenced.

In his first ground of error Johnson contends the information failed to negate any of the exceptions or exemptions for possessing hydromorphone under the Controlled Substances Act, and he claims that no quantity of the narcotic possessed was alleged in the information, making it fundamentally defective.

Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 5.10(a) (Vernon 1976) expressly removed the burden of negating in a criminal pleading any exemptions or exceptions under the Controlled Substances Act, and it placed the burden of going forward with the evidence with respect to such exemptions or exceptions upon the defendant. *Threlkeld v. State*, 558 S.W.2d 472 (Tex.Cr. App.1977). Furthermore, hydromorphone is specifically designated only as a Schedule Two and Penalty Group One, controlled substance in the Texas Controlled Substances Act. Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 2.04(a), (b)(1)(K) (Vernon Supp.

1984); Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.02(b)(3)(A)(x) (Vernon 1976). Even though the 1981 changes to the Controlled Substances Act included the creation of new offenses and aggravated punishments for possession of various Penalty Group One Controlled Substances, that Act with those amendments has been held to be invalid. And, the existing law without those amendments controls. *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1983); *Ex parte Muniz*, 655 S.W.2d 224 (Tex.App.—Houston [14th Dist.] 1982, pet granted). Johnson's plea was prior to *Ex parte Crisp*, supra; however, since possession of hydromorphone is at the minimum a second degree felony, failure to allege an amount in this indictment would only prevent prosecution of a higher degree offense had the 1981 amendments been valid. *See Whitaker v. State*, 572 S.W.2d 956 (Tex.Cr.App. 1978).

All that would be necessary for this information to be proper would be for the instrument to allege either the amount involved or, as here, the Penalty Group which lists the possessed narcotic. *See Ex parte Madden*, 645 S.W.2d 468 (Tex.Cr. App.1983); *Ellerbee v. State*, 631 S.W.2d 480 (Tex.Cr.App.1982); *Kolbert v. State*, 590 S.W.2d 711 (Tex.Cr.App.1979); *Benoit v. State*, 561 S.W.2d 810 (Tex.Cr.App.1977). This first ground of error is overruled.

In his second ground of error, Johnson claims that since the trial court failed to advise him or admonish him about the minimum range of punishment, then the case must be reversed. We disagree. The record reflects that prior to accepting the plea the trial court on two occasions informed Johnson that he could receive up to twenty years confinement and in addition to that a fine up to $10,000.00.

Tex.Code Crim.Proc.Ann. art. 26.-13 (Vernon Supp.1984) is mandatory in that prior to accepting a plea of guilty the court shall admonish the defendant of the range of punishment attached to the offense pled or charged. In admonishing the defendant, substantial compliance by the court is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. Tex.Code Crim.Proc.Ann. art. 26.-13(c) (Vernon Supp.1985); *Stubblefield v. State*, 659 S.W.2d 496 (Tex.App.—Fort Worth 1983, no pet.); *LaFrance v. State*, 626 S.W.2d 932 (Tex.App.—Amarillo 1982, pet ref'd). We find no harm. If the trial court informs the defendant during admonishment of only the maximum punishment and not the minimum, and if the punishment actually assessed is within the lawful range of the punishment of the crime so charged, then this is sufficient compliance. *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983). *See also, Taylor v. State*, 610 S.W.2d 471 (Tex.Cr.App.1981).

In his third ground of error Johnson contends that the trial court erred in failing to delay his sentencing on October 25, 1983, and conducting a separate hearing to determine whether Johnson was competent to stand trial during his plea of guilty on April 11, 1983, and whether he was competent to be sentenced on October 25, 1983. A person is incompetent to stand trial if he does not have: (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. Tex.Code Crim.Proc.Ann. art. 46.02, § 1(a)(1), (2) (Vernon 1979); *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The test for competency is whether the accused had sufficient present ability at the time of trial to consult with his lawyer with a reasonable degree of rational understanding and whether he had a rational as well as factual understanding of the proceedings against him. *Williams v. State*, 663 S.W.2d 832 (Tex.Cr.App.1984); *Williams v. State*, 667 S.W.2d 783 (Tex.App.—Amarillo 1984, no pet.).

If during the trial evidence of incompetency is brought to the attention of the court, the court must conduct a hearing outside the presence of the jury to determine whether or not there is evidence to

support a finding of incompetency to stand trial. *Sisco v. State*, 599 S.W.2d 607 (Tex. Cr.App.1980); Tex.Code Crim.Proc.Ann. art. 46.02, § 2(b) (Vernon 1979). "During trial" has been held to include any time from the beginning of evidence being presented to the jury until prior to the assessment of punishment and sentencing. *See Williams v. State*, 663 S.W.2d 832, supra; *Williams v. State*, 667 S.W.2d 783, supra. Under Article 46.02, § 2(b) the trial court must weigh and consider only the evidence tending to prove incompetency in deciding whether to empanel a jury. If any evidence exists more than a scintilla, the trial court must empanel the jury for the separate hearing. If no evidence exists, the separate jury hearing need not be held. *See Williams v. State*, 663 S.W.2d 832, supra; *Sisco v. State*, supra. The trial court's separate hearing to determine whether or not to empanel a jury for incompetency purposes must be held anytime prior to sentencing. Tex.Code Crim.Proc. Ann. art. 46.02, § 4(c) (Vernon 1979).

In the instant case the issue of past and present competency to stand trial was initially raised after the finding of guilt. The letters by Johnson's attorney and the probation officer's presentence investigation report concerned competency during periods of time between the actual plea of guilty and the sentencing dates. On the date of the plea of guilty by Johnson and the finding of guilt by the trial court, no issue of competency was raised and the trial court found Johnson competent to stand trial. During the punishment hearing and sentencing on October 25, 1983, the trial court did not conduct a separate hearing on competency, but he allowed Johnson's attorney to present evidence on that issue.

We agree with the trial court that no evidence existed to warrant the empaneling of a jury to determine Johnson's present competency to stand trial on April 11, 1983, but disagree that no evidence existed concerning Johnson's present competency to stand trial for the continued punishment hearing and sentencing which occurred on

October 25, 1983. If Johnson was incompetent on that date then he could not have assisted his attorney or understood the proceedings during trial. *Williams v. State*, 663 S.W.2d 832, supra. We find evidence present which warranted the empaneling of a jury to determine Johnson's competency to stand trial.

This cause is abated and remanded to the trial court to empanel a jury and conduct a competency hearing within 120 days from the date of this opinion to determine, retrospectively, whether Johnson was competent to stand trial on April 11, 1983 and October 25, 1983. *Caballero v. State*, 587 S.W.2d 741 (Tex.Cr.App.1979).