**Bobby MORRISON, a.k.a. Gerald Thomas, a.k.a. Deric Derello, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–88–819–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 9, 1990.

John F. Carrigan, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Bobby Morrison, appeals his judgment of conviction for the offense of aggravated sexual assault. TEX.PENAL CODE ANN. § 22.02 (Vernon 1989). A jury rejected his not guilty plea and the court assessed his punishment at forty five years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

Appellant asserts in his first four points of error that the issue of his incompetency to stand trial was raised but never resolved. We agree. The record before this Court shows the trial court issued the following orders:

1. May 18, 1988, order granting defendant's motion for commitment to the Harris County Psychiatric Hospital for examination;

2. May 18, 1988, order granting defendant's motion for authorization for private psychiatric examination;

3. June 23, 1988, order granting State's motion for psychiatric examination: sanity;

4. June 23, 1988, order granting state's motion for psychiatric examination: competency;

5. July 12, 1988, order granting defendant's motion for psychiatric examination pursuant to TEX.CODE CRIM. PROC.ANN. arts. 46.02, 46.03.

On June 15, 1989, this Court issued an order directing the District Clerk of Harris County to supplement the record on appeal with psychiatric examination reports filed by Dr. Harold Rockaway or any licensed psychiatrist on or about June, July or August, 1988. In response to this Court's June 15, 1989 order, Deputy Clerk Raymond Posado, Manager for Post Trial Systems for Harris County, filed an affidavit, dated July 14, 1989, stating that no psychiatric examination reports had been filed in the above case.

On August 10, 1989, we ordered this cause abated to the trial court for further proceedings. We ordered the Judge of the 185th District Court for Harris County to conduct a hearing to determine if written reports of defendant's psychiatric examination existed. If no reports existed, it was ordered that the trial court have appellant re-examined retrospectively, and have the examining expert reduce his findings to a written report and have the examining expert file such report with the trial court in compliance with TEX.CODE CRIM.PROC.ANN. arts. 46.02, 46.03.

We further ordered that upon receipt of the required report(s), the trial court was to conduct a hearing in compliance with TEX.CODE CRIM.PROC.ANN. art. 46.02, sec. 2(b). If the trial court determines that the report(s) or other evidence related thereto which existed before trial support a finding of incompetency to stand trial, a jury shall be impaneled to determine appellant's competency (at the time of the instant trial) to stand trial. *Brandon v. State*, 599 S.W.2d 567, 573 (Tex.Crim.App.1979). At the conclusion of such hearing, the trial court was ordered to reduce to writing its Findings of Fact and Conclusions of Law. The trial court's determination in this regard was to be guided by the holding in *Barber v. State*, 737 S.W.2d 824 (Tex.Crim.App.1987).

On December 7, 1989, the trial conducted a hearing to determine whether there existed before trial evidence to support a finding of incompetency to stand trial. After the hearing the court made the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Two experts evaluated the Defendant, Bobby Morrison, prior to trial: Dr. Harold Rockaway and Dr. Jerome Brown.
2. Dr. Harold Rockaway met with the Defendant, at defense request, at the Harris County Psychiatric Hospital on June 12, 1988. His letters, dated June 20, 1988 and July 8, 1988 respectively, state that the presentation that the defendant made did not fit any particular psychiatric category; that in his opinion the defendant was competent to stand trial.
3. Dr. Rockaway's expert opinion is that the defendant was deliberately un-cooperative and that the defendant was malingering. Dr. Rockaway found no evidence of incompetence; he felt that the defendant was competent to stand trial at the time he examined the defendant.
4. Dr. Jerome Brown interviewed the defendant on July 12, 1988 and October 6, 1989. On July 12, 1988 the Defendant was "voluntarily uncooperative" during his interview. Dr. Brown found no evidence of incompetence prior to trial; nor was the Defendant incompetent when he was reinterviewed on October 6, 1989.

### CONCLUSIONS OF LAW

1. The issue of incompetency to stand trial was not raised before or during trial pursuant to Art. 46.02 Sec. 2(b) because there was no evidence to support a finding of incompetency.
2. *Barber v. State*, 737 S.W.2d 824 (Tex.Crim.App.1987) is distinguishable in that in the instant case there was NO evidence of incompetence prior to or during trial, whereas in *Barber* the psychiatrist appointed at defense request filed a report on the day the jury was sworn changing his mind about the defendant's competence and stating that he now thought the defendant *was* incompetent to stand trial.
3. Dr. Gerald Busch's testimony does not constitute "some evidence" of the defendant's incompetency to stand trial as Dr. Busch's opinion was not before this Court prior to or during trial in the instant cause. Attacking a defendant's competence to stand trial long after the trial and long after two eminently qualified psychologist/psychiatrists have evaluated the defendant and found him to be competent, albeit a malingerer, is detrimental to the sound administration of justice.

The above findings of fact and conclusions of law were filed on the 3rd day of January, 1990.

Articles 46.02 § 2(a) and (b) (Vernon's Code of Crim.Proc.1979) provides:

### Raising the Issue of Incompetency to Stand Trial

Sec. 2. (a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

(b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

█ The court, on December 7, 1989, conducted a hearing pursuant to article 46.-02 § 2(b) to determine whether or not there was evidence to support a finding of incompetency to stand trial. At the conclusion of the hearing the court found no evidence to support a finding of incompetency to stand trial as of July 25, 1988, the day the original trial began. See article 46.02 § 4(a). No separate jury to determine appellant's competency was impaneled at that time.

During the competency hearing held on December 7, 1989, the court heard evidence from three psychiatrists, Dr. Harold Rockaway, Dr. Jerome Brown and Dr. Gerald Busch. Doctors Rockaway and Brown could not conclude that appellant was incompetent prior to trial. However, Dr. Busch testified he examined appellant on November 3, 1989 to assess his competency to stand trial as of the date of his original trial on July 25, 1988. Dr. Busch testified as follows:

His pattern of response was consistent with a chronic mental illness, possible schizo-affective disorder; however, he also seemed at times to embellish his responses in a fashion which made him appear even more dysfunctional.

His current level of mental disorganization, coupled with the observation that his mental illness is most likely chronic, support the possibility that he was not competent to stand trial at his *original trial.* (emphasis added).

We find that Dr. Busch's testimony is *some evidence* that would rationally lead to a conclusion of incompetency. *Barber v. State,* 737 S.W.2d 824, 828 (Tex.Crim.App. 1987).

█ At the close of a judicial inquiry into competency, the trial court must determine whether evidence exists to support a finding of incompetency to stand trial. See Article 46.02 § 2(b) and § 4(a). When this court reviews a trial court's determination of this issue, the applicable standard is whether the trial court abused its discretion. *Auldridge v. State,* 533 S.W.2d 821 (Tex.Crim.App.1976); *Noble v. State,* 505 S.W.2d 543 (Tex.Crim.App.1974). We find the trial court abused its discretion in not impaneling a jury to determine appellant's competency to stand trial.

In *Sisco v. State,* 599 S.W.2d 607 (Tex. Crim.App.1980), it was held that in determining, *after hearing in advance of trial on the merits* (§ 2(a) of Art. 46.02) whether there was evidence to support the finding of incompetency, to stand trial, the trial court was required to assay only evidence tending to show incompetency putting aside all competing indications of competency, to find whether there was some evidence, a quantity more than none or a scintilla, that rationally would lead to the conclusions of incompetency. The panel rejected the "bona fide doubt in the mind of the trial judge" standard mentioned in *Johnson v. State,* 564 S.W.2d 707 (Tex. Crim.App.1978) as it applied to hearings before the court in advance of trial to determine if there is to be a separate jury trial on the issue of competency to stand trial. In such hearings under Article 46.02, § 2(a), the *Sisco* court held that "in determining whether the evidence raised the is-

sue for submission, it must be viewed in the light most favorable to the party with the burden of securing the finding, *disregarding contrary evidence and inferences*." (emphasis added).

In *Williams v. State*, 663 S.W.2d 832 (Tex.Crim.App.1984), it was held that the *Sisco* standard is applicable to hearings during the trial (§ 2(b) of Article 46.02) as well as to hearings in advance of the trial (§ 2(a) of Article 46.02). *Barber v. State.*

In the instant case, the trial judge's refusal to impanel a jury for a competency hearing runs afoul of *Barber v. State, Williams v. State* and *Sisco v. State,* since Dr. Busch's testimony constituted "some evidence" that rationally leads to the conclusions of incompetency.

In accordance with the *Barber, Sisco* and *Williams* standard, we remanded this cause to the trial court for a jury to be impaneled to determine appellant's competency to stand trial at the time of his original trial. *Brandon v. State,* 599 S.W.2d 567, 573 (Tex.Crim.App.1979), vacated on other grounds, 453 U.S. 902, 101 S.Ct. 3134, 69 L.Ed.2d 988 (1981); *Caballero v. State,* 587 S.W.2d 741 (Tex.Crim.App.1979).

█ On July 13, 1990, the trial court impaneled a jury to determine appellant's competency to stand trial at the time of his original trial. After hearing evidence from the State and for appellant, the jury found that appellant was mentally competent to stand trial in July of 1988, the period before his trial. We overrule appellant's points of error one through four.

█ In four related points of error, five through eight, appellant asserts that his trial counsel failed to render effective assistance of counsel because he did not object to the court's and trial prosecutor's explanation of the State's burden of proof under the Texas Penal Code *§ 2.01 Proof Beyond a Reasonable Doubt* which in pertinent part reads as follows:

> all persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt ...

Ineffective assistance claims relating to purported ineffectiveness at the guilt stage of trial are to be analyzed under the two-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and adopted as to Texas Constitutional law in *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim.App.1986):

1. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. *Strickland v. Washington,* 104 S.Ct. at 2066.

2. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland v. Washington,* 104 S.Ct. at 2068.

Appellant has not satisfied the first prong, so the second prong need not be considered.

Appellant's argument is that the court and prosecutor improperly stated the meaning of proof beyond a reasonable doubt when they indicated that proof "beyond all doubt" or "beyond a shadow of a doubt" was not required. The term "proof beyond a reasonable doubt" is not defined in the Penal Code. Appellant admits in his brief that the Court of Criminal Appeals has implicitly recognized that the characterization of what is *not* required of the State is accurate, in that *Little v. State,* 758 S.W.2d 551, 554–555 (Tex.Crim.App.1988) held that the State properly challenged for cause veniremen who would hold the State to a burden of "beyond any doubt" or beyond "the slightest iota of a doubt." *See, Briddle v. State,* 742 S.W.2d 379, 385–386 (Tex.Crim.App.1987). Trial counsel cannot be condemned as "unprofessional"

because he failed to make an objection which would run counter to existing law. Appellant's points of error five through eight are overruled.

 In points of error nine and ten appellant alleges he was denied the effective assistance of counsel when his trial counsel refused to allow him to assist in the cross-examination of the complainant. Appellant claims this was a violation of his rights secured under the United States and Texas Constitutions.

Appellant points to trial counsel's statement to the court that appellant was "upset because I did not hand him the statement from the witness that I received from the District Attorney for his purview." This was a reference to a written statement made by Darsey Conway who was not the named complainant in this trial, but who was victimized at the same time and in the same manner as the named complainant. This comment by counsel only indicated that appellant wanted to see Conway's statement, and it did not suggest that appellant wanted to participate in the cross-examination of the witness. Thus there is nothing in the record even indicating that appellant wanted to participate as "co-counsel."

We find that nothing was preserved for our review on appeal. Appellant's points of error nine and ten are overruled.

█ In points of error eleven and twelve appellant submits that trial counsel was ineffective because he failed to make an offer of proof to establish that the witness, Darsey Conway, had filed a civil lawsuit based on the events underlying this prosecution. Appellant's trial attorney raised that issue in a question to Conway, asking whether she was "currently in the process at this point of bringing a civil action," but the trial court sustained the State's objection that the matter was not relevant. Appellant asserts that his trial counsel's failure to make an offer of proof foreclosed appellant from complaining about the trial court's ruling on the State's objection. We agree. TEX.R.CR.EVID. 103(a)(2) and TEX.R.APP.P. 52(b) that were in effect at the time of trial entitled appellant to make

an offer of proof by live cross-examination of the witness outside the presence of the jury. We find that this error on the part of trial counsel was not such that but for this trial error the result of the trial proceeding would have been different. TEX.R.APP.P. 81(b)(2). Appellant's points of error eleven and twelve are overruled.

Accordingly, the judgment of the trial court is affirmed.

PAUL PRESSLER, J., not participating.