TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00512-CR







Linda Tristan, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR91-29, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







PER CURIAM


 In May 1991, appellant pleaded guilty or no contest to three counts of injury to a
child. Act of May 29, 1989, 71st Leg., R.S., ch. 357, § 1, 1989 Tex. Gen. Laws 1441, amended
by Act of May 27, 1991, 72d Leg., R.S., ch. 497, § 1, 1991 Tex. Gen. Laws 1742 (Tex. Penal
Code Ann. § 22.04, since amended). The district court found that the evidence substantiated
appellant's guilt but deferred further proceedings and placed appellant on community supervision. 
In September 1994, the court revoked community supervision on the State's motion, adjudged
appellant guilty, and assessed punishment at imprisonment for thirty-six years on each count.

 Before the hearing on the motion to revoke, a forensic psychologist was appointed
to examine appellant with regard to her competence to stand trial. Tex. Code Crim. Proc. Ann.
art. 46.02, § 3(a) (West Supp. 1995). The psychologist, Matthew Ferrara, testified at a
preliminary hearing. Id., § 2 (West 1979). In two points of error, appellant contends the district
court erred by finding no evidence of incompetence and by failing to impanel a jury to determine
appellant's competence. Id., § 4(a).

 A person is incompetent to stand trial if she does not have sufficient present ability
to consult with her lawyer with a reasonable degree of rational understanding, or if she does not
have a rational as well as factual understanding of the proceedings against her. Id., § 1(a) (West
1979). At the preliminary competency hearing, "the trial court is to assay just that evidence
tending to show incompetency, putting aside all competing indications of competency, to find
whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead
to a conclusion of incompetency." Sisco v. State, 599 S.W.2d 607, 613 (Tex. Crim. App. 1980);
see Williams v. State, 663 S.W.2d 832, 834 (Tex. Crim. App. 1984) (Sisco standard applies
regardless of when issue is raised). If the court finds evidence of incompetence, a jury must be
impaneled pursuant to section 4(a).

 Appellant refers us to Ferrara's testimony that appellant tested in the tenth
percentile on an intelligence test he administered, slightly above the level required for a diagnosis
of mental retardation. Ferrara also knew that appellant's score on a different intelligence test
administered four years earlier was slightly below the mental retardation level. But low
intelligence, even mental retardation, is not in itself evidence that a defendant is unable to consult
with her attorney or understand the proceedings against her.

 Appellant also points to evidence she claims demonstrates her misunderstanding of
the roles of defense attorney, prosecutor, and judge. Ferrara took notes during his interview with
appellant, some of which were introduced in evidence by the defense. Under the heading "defense
strategy," Ferrara quoted appellant as saying, "[H]e [defense counsel] says there is nothing he can
do." This appears to be appellant's understanding of what counsel told her, not a statement of
counsel's role. Appellant understood the district attorney's job as, "[H]e's the mean one. 
Everything he says, that's what the judge looks at." With regard to the judge's role, appellant
said, "[H]e is the one that sentences you." While appellant expressed herself in a manner to be
expected of a person of limited formal education, her remarks do not reveal a fundamental
misunderstanding of the roles of prosecutor and judge. To the contrary, her statements are
reasonably accurate when viewed from the perspective of a criminal defendant.

 We find no evidence of incompetence to stand trial in the record. The district court
did not err by refusing to impanel a jury to determine appellant's competence. Points of error one
and two are overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: May 17, 1995

Do Not Publish