TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00251-CR


NO. 03-96-00252-CR







John T. Smetek, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0935210 & 0935231, HONORABLE LARRY FULLER, JUDGE PRESIDING






PER CURIAM


A jury found appellant guilty of seven counts of aggravated sexual assault as alleged in two
indictments. Act of May 29, 1983, 68th Leg., R.S., ch. 977, § 3, 1983 Tex. Gen. Laws 5311, 5312 &
5315 (Tex. Penal Code Ann. §§ 22.011(a)(2), 22.021(a)(5), since amended). The district court assessed
punishment in each cause at imprisonment for seventy-five years.

In two points of error, appellant complains of the admission of extraneous misconduct
evidence pursuant to Code of Criminal Procedure article 38.37. Tex. Code Crim. Proc. Ann. art. 38.37
(West Supp. 1997). Article 38.37 provides that, in a prosecution for a sexual offense against a child,
"evidence of other crimes, wrongs, or acts committed by the defendant against the child who is the victim
of the alleged offense shall be admitted for its bearing on relevant matters," including "the state of mind of
the defendant and the child" and "the previous and subsequent relationship between the defendant and the
child." Id., § 2. The legislature directed that article 38.37 was to apply in any criminal proceeding
commencing on or after its effective date, regardless of when the offense on trial was committed. Act of
May 29, 1995, 74th Leg., R.S., ch. 318, § 48(b), 1995 Tex. Gen. Laws 234, 2749. Pursuant to the
statute, the district court permitted the complainants to testify that appellant gave them alcohol, marihuana,
and inhalants during the same period of time in which he was sexually assaulting them.

Both the offenses for which appellant was convicted and the extraneous acts of misconduct
were committed approximately twelve years before trial and the effective date of article 38.37. Appellant
contends that the application of article 38.37 in these causes violated the constitutional prohibition against
ex post facto legislation. U.S. Const. art. I, § 10; Tex. Const. art. I, § 16.

A law violates the ex post facto clauses of the United States and Texas constitutions if it
punishes as a crime an act committed before the law was passed which was innocent when done, makes
the punishment for a crime more burdensome after its commission, or deprives a criminal defendant of a
defense that was legally available at the time the act was committed. Collins v. Youngblood, 497 U.S.
37, 42 (1990); Grimes v. State, 807 S.W.2d 582, 585-86 (Tex. Crim. App. 1991). Clearly, article
38.37 does none of these things. The statute does not change the substantive law regarding sexual crimes
against children, but merely defines a category of relevant evidence. Appellant's ex post facto argument
is without merit.

The complainants also testified that appellant showed pornographic movies to several boys
who lived in their neighborhood. Appellant argues that this was a misuse of article 38.37, since the statute
applies only to acts committed by the defendant against the victim. Appellant did not make this objection
to the district court. In fact, appellant voiced no objection to the pornographic movie evidence. Nothing
is presented for review. Tex. R. App. P. 52(a). Points of error one and two are overruled.

Appellant next complains of the introduction of a videotape showing the interior of the
house in which he was living and in which the offenses took place. The house was large, with four stories. 
The sponsoring witness lived in the house during the relevant time period and managed the property for the
owner. Appellant lived in another portion of the house. The witness testified that the videotape, which was
taken shortly before trial began, accurately portrayed the house as it previously appeared, although it also
showed evidence of subsequent restoration efforts. Appellant argues that because the house had been
partially renovated since the offenses took place, the videotape was not an accurate portrayal of the house
and therefore was irrelevant.

We review trial court rulings on the admissibility of evidence for an abuse of discretion. 
See Montgomery v. State, 810 S.W.2d 372, 390 (Tex. Crim. App. 1991) (opinion on rehearing). The
requirement of authentication as a condition precedent to admissibility is satisfied by evidence sufficient to
support a finding that the matter in question is what its proponent claims. Tex. R. Crim. Evid. 901(a). The
witness testified that the videotape accurately portrayed the house as it appeared when appellant lived
there. Tex. R. Crim. Evid. 901(b)(1). The witness also identified for the jury any changes that had been
made in the house since that time. The district court did not abuse its discretion in determining that the
videotape was properly authenticated and relevant. Point of error three is overruled.

In his fifth point of error, appellant contends the prosecutor improperly attacked defense
counsel during jury argument. One of appellant's two trial attorneys objected to a portion of the
prosecutor's argument, saying it was not supported by the evidence. The objection was overruled. The
prosecutor then remarked, "Objecting to what was in evidence, when he wasn't here half the time, ladies
and gentlemen." Counsel objected to this remark, saying, "[W]hether I was here or not here is absolutely
irrelevant. If I've met with my co-counsel, which I will put on the record that I did do, and went through
the evidence as was recorded by him. Then I'm perfectly capable of commenting on it . . . ."

It is improper for a prosecutor to make uninvited and unsubstantiated accusations of
improper or unethical conduct by defense counsel. Gomez v. State, 704 S.W.2d 770, 771 (Tex. Crim.
App. 1985); Byas v. State, 906 S.W.2d 86, 87 (Tex. App.--Fort Worth 1995, pet. ref'd). The
prosecutor's remark in this case does not fall in that category. In fact, the prosecutor's observation that
counsel had not been present for a portion of the trial was apparently accurate. We find no error in the
overruling of appellant's trial objection. Alternatively, we find that any error in the prosecutor's remark was
harmless beyond a reasonable doubt. Tex. R. App. P. 81(b)(2). Point of error five is overruled.

In points of error four and six, appellant contends the district court erred by overruling
defense counsels' motions to withdraw. The first motion was made orally on the third day of trial, just
before the last witness testified at the guilt-innocence phase. Counsel told the court that appellant "has
indicated a conflict between his attorneys and himself." Counsel continued, "We're going to have to advise
[appellant] we're going to have to withdraw." The court responded, "Well, the court's not going to let you
withdraw," and ordered counsel to call the final witness. A week later, on the day of the punishment phase,
one of appellant's defense attorneys filed a written motion to withdraw citing a conflict of interest,
appellant's hostile attitude and refusal to cooperate, and his failure to pay his attorney fees. The motion
also stated that appellant had dismissed counsel and directed him not to appear. The court overruled the
motion at that time, but permitted counsel to withdraw at the conclusion of trial.

A defendant's right to the counsel of his choice cannot be manipulated so as to obstruct
orderly court procedure or to interfere with the fair administration of justice. Webb v. State, 533 S.W.2d
780, 784 (Tex. Crim. App. 1976). A defendant may not wait until the day of trial to request that counsel
be dismissed. Id. We can think of nothing more likely to disrupt orderly procedure or more calculated to
injure a defendant's rights than to permit the withdrawal of counsel in the middle of a trial. The district court
did not abuse its discretion by overruling the motions to withdraw. Points of error four and six are
overruled.

Finally, appellant contends the district court should have conducted a competency hearing
before beginning the sentencing phase of trial. See Casey v. State, 924 S.W.2d 946, 949 (Tex. Crim.
App. 1996); Tex. Code Crim. Proc. Ann. art. 42.07(2) (West Supp. 1997) & art. 46.02, § 2(b) (West
1979). On the day set for the punishment hearing, defense counsel filed a motion for a competency hearing
citing appellant's refusal to cooperate, his refusal to follow advice, and his history of mental incapacity. The
record reflects that a jury had previously determined that appellant was incompetent to stand trial, but that
his competence was later restored. The court overruled the motion and proceeded with the sentencing
hearing, which primarily consisted of a review and discussion of the presentence report. Before
pronouncing sentence, the court permitted appellant to make a statement. The gist of this statement, which
fills approximately ten pages of the statement of facts, was that appellant is the victim of a conspiracy
involving the complainants and their families, the lawyers, and the courts.

On appeal, appellant relies entirely on his statement to the court as evidence of his
incompetence. This statement was made at the conclusion of the sentencing hearing, however, while
appellant's contention is that the court should have held a competency hearing before the sentencing
proceeding began. Obviously, the court had not heard appellant's statement when it overruled counsel's
motion for a competency hearing. In any event, a court is required to conduct a competency hearing only
if there is some evidence that could rationally lead to a finding of incompetence. Arnold v. State, 873
S.W.2d 27, 35-36 (Tex. Crim. App. 1993); Williams v. State, 663 S.W.2d 832, 833-34 (Tex. Crim.
App. 1984). We find nothing in appellant's statement to indicate that he did not have the present ability
to consult with his lawyers with a reasonable degree of rational understanding or that he did not have a
factual understanding of the proceedings against him. Tex. Code Crim. Proc. Ann. art. 46.02, § 1(a) (West
1979). To the contrary, the statement shows that appellant clearly understood the nature of the
proceedings and was fully capable, if unwilling, to consult with his attorneys. Appellant's wild and
unsubstantiated accusations against his attorneys and others do not constitute evidence of incompetence
to stand trial. Point of error seven is overruled.

The judgments of conviction are affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: June 12, 1997

Do Not Publish



t of error five is overruled.

In points of error four and six, appellant contends the district court erred by overruling
defense counsels' motions to withdraw. The first motion was made orally on the third day of trial, just
before the last witness testified at the guilt-innocence phase. Counsel told the court that appellant "has
indicated a conflict between his attorneys and himself." Counsel continued, "We're going to have to advise
[appellant] we're going to have to withdraw." The court responded, "Well, the court's not going to let you
withdraw," and ordered counsel to call the final witness. A week later, on the day of the punishment phase,
one of appellant's defense attorneys filed a written motion to withdraw citing a conflict of interest,
appellant's hostile attitude and refusal to cooperate, and his failure to pay his attorney fees. The motion
also stated that appellant had dismissed counsel and directed him not to appear. The court overruled the
motion at that time, but permitted counsel to withdraw at the conclusion of trial.

A defendant's right to the counsel of his choice cannot be manipulated so as to obstruct
orderly court procedure or to interfere with the fair administration of justice. Webb v. State, 533 S.W.2d
780, 784 (Tex. Crim. App. 1976). A defendant may not wait until the day of trial to request that counsel
be dismissed. Id. We can think of nothing more likely to disrupt orderly procedure or more calculated to
injure a defendant's rights than to permit the withdrawal of counsel in the middle of a trial. The district court
did not abuse its discretion by overruling the motions to withdraw. Points of error four and six are
overruled.