TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00243-CR






Allen Ray Puchot, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BEXAR COUNTY, 175TH JUDICIAL DISTRICT


NO. 97-CR-2861-W, HONORABLE MARY ROMAN, JUDGE PRESIDING 







 Appellant Allen Ray Puchot was placed on community supervision probation
following a conviction for driving while intoxicated, third offense. See Tex. Penal Code Ann.
§ 49.09(b) (West Supp. 1999). Following a hearing on the State's motion, the district court
revoked supervision and imposed sentence of imprisonment for five years and a $1000 fine. In
one point of error, Puchot contends that he was incompetent at the time of his probation-revocation hearing and sentencing. We will affirm the revocation order.

 Due process of law requires that an accused be competent to stand trial. See
Medina v. California, 505 U.S. 437, 439 (1992); Ex Parte Hagans, 558 S.W.2d 457, 461 (Tex.
Crim. App. 1977). The competency requirement applies to probation revocation proceedings. 
See Casey v. State, 924 S.W.2d 946, 949 (Tex. Crim. App. 1996) (accused must be competent
to be sentenced at time probation revoked); see also Mata v. State, 632 S.W.2d 355, 359 (Tex.
Crim. App. 1982). To be legally competent, an accused must possess "sufficient present ability
to consult with his lawyer with a reasonable degree of rational understanding" and have a
"rational as well as factual understanding of the proceedings against him." Tex. Code Crim.
Proc. Ann. art. 46.02, § 1(a); see Loftin v. State, 660 S.W.2d 543, 545-46 (Tex. Crim. App.
1983).

 Whether an issue of incompetency exists at the time of trial is left to the discretion
of the trial court. See Ainsworth v. State, 493 S.W.2d 517, 521-22 (Tex. Crim. App. 1973); 
Thompson v. State, 915 S.W.2d 897, 901 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd). 
Therefore, the reviewing court applies an abuse of discretion standard in determining whether the
trial court erred by failing to conduct a competency hearing.

 Puchot did not raise the issue of his incompetency by pretrial motion. If the
question is raised during trial, the trial court is required to conduct a non-jury hearing on whether
to hold a jury trial on the defendant's competency "if evidence of the defendant's incompetency
is brought to the attention of the court from any source." Tex. Code Crim. Proc. Ann. art. 46.02
§ 2(b) (West 1979); see Collier v. State, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997). Such
a hearing is required only if the evidence brought to the judge's attention is such as to raise a bona
fide doubt in the judge's mind as to the defendant's competency to stand trial. See Collier, 959
S.W.2d at 625. (1) In general, a bona fide doubt is raised only if the evidence indicates recent
severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant. 
See Mata, 632 S.W.2d 355, 359 (Tex. Crim. App. 1982). The court may rely on personal
observation, known facts, evidence presented, motions, affidavits, or any reasonable claim or
credible source which might create a bona fide doubt of the accused's competency at the
revocation proceedings. See Thompson, 915 S.W.2d at 901. Whether a bona fide doubt is raised
is considered on a case-by-case basis. See Mata, 632 S.W.2d at 359.

 Puchot did not raise any issue of incompetency to the trial judge at the hearing on
the motion to revoke. In his brief, he argues that his "Motion for Ineffective Assistance" filed
in September 1997, after he was initially placed on community supervision probation, raised the
issue. In that motion, he stated that he was under the influence of psychiatric medications which
impaired his ability to make decisions at the time of his original plea. (2) However, the question of
competency relates to an accused's competency at the time of the proceedings in question;
Puchot's motion was filed approximately eighteen months before the hearing on the motion to
revoke.

 We review the record and detail the following evidence only to determine whether
any evidence would have been sufficient to raise a bona fide doubt in the court's mind which
would have required the court to sua sponte hold a competency hearing. Cf. Casey, 924 S.W.2d
at 947 (if appellate court agrees § 2(b) hearing should have been held and was not, error to
attempt to determine competency based on "cold record" on appeal). At the hearing on the
motion to revoke, Puchot did not behave in such a way as to raise a bona fide doubt as to his
competency. He testified at the hearing. He knew where he was and the purpose of the
proceeding. He testified coherently concerning his desire for another chance at probation. He
detailed the inadequacy of the substance-abuse program he had been in and proposed a specific
alternative that he thought was better for him than going to jail.

 In reviewing the clerk's record, there are a number of pro se filings from Puchot, 
none of which raises a bona fide doubt as to his competency. The sentence, paragraph, and
document structure are coherent; even the majority of the words are spelled correctly. For the
most part, he is suggesting particular substance abuse treatment facilities that he thinks would be
of more assistance to him than the trial court's choice. The filings show that Puchot is fully aware
of the proceedings in which he has participated and is concerned because he has never had a
felony conviction before; he states that he wants to be a productive member of society and
understands he has a substance abuse problem. Reports from counselors at one substance-abuse
program give no indication of incompetency.

 We find no evidence in the record before the court that would have raised a bona
fide doubt as to Puchot's competency; that is, that would have raised a doubt that Puchot
possessed the sufficient present ability to consult with his lawyer with a reasonable degree of
rational understanding and had a rational as well as factual understanding of the proceedings
against him at the time of the probation revocation hearing.

 Accordingly, we overrule appellant's single issue and affirm the order revoking
community supervision.





 
 


 Marilyn Aboussie, Chief Justice


Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: October 14, 1999

Do Not Publish
1. The court of criminal appeals in Collier relied on Johnson v. State, 564 S.W.2d 707 (Tex.
Crim. App. 1977) (on reh'g) for the proposition that the evidence raised must create a bona fide
doubt in the trial court's mind regarding a defendant's competency to stand trial before a section
2(b) hearing must be held. Johnson held that if the issue of competency is raised mid-trial, a jury
had to be empaneled if the evidence raised a bona fide doubt in the trial court's mind regarding
the defendant's competency. See Johnson, 564 S.W.2d at 710-11. In Sisco v. State, 599 S.W.2d
607 (Tex. Crim. App. 1980), the court held that if the issue is raised pretrial, a jury had to be
empaneled if there was more than a scintilla of evidence that the defendant was incompetent to
stand trial. See Sisco, 599 S.W.2d at 613. In Williams v. State, 663 S.W.2d 832 (Tex. Crim.
App. 1984), the court held that because the language of article 46.02 is identical regardless of
whether the issue of incompetency is raised mid-trial or pretrial, only one standard should apply. 
The court determined that the Sisco standard should be applied in both situations and expressly
overruled Johnson's bona fide doubt standard. See Williams, 663 S.W.2d at 834. The court
states in Collier v. State, 959 S.W.2d 621 (Tex. Crim. App. 1997) that Williams overruled
Johnson on other grounds. See Collier, 959 S.W.2d at 625. We glean from this that the court
of criminal appeals has adopted the overruled Johnson standard as the standard that triggers a
section 2(b) hearing while leaving intact the Sisco standard for determining whether a jury should
be empaneled. See Moore v. State, No. 72,638, slip. op. at 5 (Tex. Crim. App. April 21, 1999)
(reciting both standards).
2. Puchot later withdrew this motion, which, for the most part, complained about trial counsel's
performance. It is not clear that this motion, the only time the issue of competence was raised
before appeal, was ever called to the court's attention, as the court never ruled upon the motion.
See Tex. R. App. P. 33.1 (preservation of complaint for appeal). However, we have given
appellant the benefit of the doubt and addressed the issue on the merits, as has the State.



 court agrees § 2(b) hearing should have been held and was not, error to
attempt to determine competency based on "cold record" on appeal). At the hearing on the
motion to revoke, Puchot did not behave in such a way as to raise a bona fide doubt as to his
competency. He testified at the hearing. He knew where he was and the purpose of the
proceeding. He testified coherently concerning his desire for another chance at probation. He
detailed the inadequacy of the substance-abuse program he had been in and proposed a specific
alternative that he thought was better for him than going to jail.

 In reviewing the clerk's record, there are a number of pro se filings from Puchot, 
none of which raises a bona fide doubt as to his competency. The sentence, paragraph, and
document structure are coherent; even the majority of the words are spelled correctly. For the
most part, he is suggesting particular substance abuse treatment facilities that he thinks would be
of more assistance to him than the trial court's choice. The filings show that Puchot is fully aware
of the proceedings in which he has participated and is concerned because he has never had a
felony conviction before; he states that he wants to be a productive member of society and
understands he has a substance abuse problem. Reports from counselors at one substance-abuse
program give no indication of incompetency.

 We find no evidence in the record before the court that would have raised a bona
fide doubt as to Puchot's competency; that is, that would have raised a doubt that Puchot
possessed the sufficient present ability to consult with his lawyer with a reasonable degree of
rational understanding and had a rational as well as factual understanding of the proceedings
against him at the time of the probation revocation hearing.

 Accordingly, we overrule appellant's single issue and affirm the order revoking
community supervision.





 
 


 Marilyn Aboussie, Chief Justice


Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: October 14, 1999

Do Not Publish
1. The court of criminal appeals in Collier relied on Johnson v. State, 564 S.W.2d 707 (Tex.
Crim. App. 1977) (on reh'g) for the proposition that the evidence raised must create a bona fide
doubt in the trial court's mind regarding a defendant's competency to stand trial before a section
2(b) hearing must be held. Johnson held that if the issue of competency is raised mid-trial, a jury
had to be empaneled if the evidence raised a bona fide doubt in the trial court's mind regarding
the defendant's competency. See Johnson, 564 S.W.2d at 710-11. In Sisco v. State, 599 S.W.2d
607 (Tex. Crim. App. 1980), the court held that if the issue is raised pretrial, a jury had to be
empaneled if there was more than a scintilla of evidence that the defendant was incompetent to
stand trial. See Sisco, 599 S.W.2d at 613. In Williams v. State, 663 S.W.2d 832 (Tex. Crim.
App. 1984), the court held that because the language of article 46.02 is identical regardless of
whether the issue of incompetency is raised mid-trial or pretrial, only one standard should apply. 
The court determined that the Sisco standard should be applied in both situations and expressly
overruled Johnson's bona fide doubt standard. See Williams, 663 S.W.2d at 834. The court
states in Collier v. State, 959 S.W.2d 621 (Tex. Crim. App. 1997) that Williams overruled
Johnson on other grounds. See Collier, 959 S.W.2d at 625. We glean from this that the court
of criminal appeals has adopted the overruled Johnson standard as the standard that triggers a
section 2(b) hearing while leaving intact the Sisco standard for determining whether a jury should
be empaneled. See Moo