NUMBER 13-96-035-CR


 and 13-96-036-CR 


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


KENT FALES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________




On appeal from the 130th District Court of Matagorda

County, Texas.

___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden, and Justices Dorsey and

Chavez

Opinion by Justice Chavez



 Appellant Kent Fales pleaded guilty to aggravated sexual assault
without an agreement concerning a recommendation on punishment
from the State, and a jury assessed punishment of life imprisonment
and a $10,000 fine. Appellant raises four points of error. In 1997, we
reversed and remanded appellant's conviction, applying the Helms(1) rule
to his first point of error. We held that appellant did not knowingly and
intelligently enter a guilty plea because his plea was given with the
incorrect assurance from the trial court that he could still obtain
appellate review of his pretrial motions to suppress despite his guilty
plea, but then, as required by Helms, was not permitted to do so. 
Because we found this point of error dispositive, we reversed without
addressing appellant's other points of error. The State sought further
appellate review. The court of criminal appeals has ordered that we
review this case under its partial reversal of Helms v. State, recently set
out in Young v. State.(2) We now affirm the judgment of the trial court.

 Appellant filed pretrial motions to suppress his confession and to
suppress evidence from an illegal search and/or illegal arrest. At the
suppression hearing, the court heard uncontested testimony that
appellant had freely and voluntarily confessed, and was fully informed
of his Miranda rights. The court also heard testimony from a social
worker from Child Protective Services who testified to an outcry
statement made by the victim of appellant's crime. The victim had
made at least one outcry statement about alleged fondling by appellant,
but for the first time reported other acts by appellant which constitute
elements of aggravated sexual assault. 

 A valid plea of guilty or nolo contendere forfeits the right to appeal
a claim of error only when the judgment of guilt was rendered
independent of and is not supported by the error. Young v. State, 8
S.W.3d 656, 666-67 (Tex. Crim. App. 2000). Here appellant's
confession and the social worker's testimony was attacked at the
suppression hearing, the judge did not grant appellant's motion to
suppress, and then this evidence was used against him at trial. 
Therefore the judgment of guilt was supported by the trial court's ruling
on the motion to suppress, and we may review the motion to suppress
on appeal. Appellant has made no references to the record and
provided us with no supporting authority for his motion to suppress. 
By failing to provide references to the record and supporting authority,
appellant has waived this argument. Tex. R. App. P. 38.1(h); see
Lagrone v. State, 942 S.W.2d 602, 614 (Tex. Crim. App. 1997). We
overrule appellant's first issue.

 Appellant argues in his second point of error that the trial court
erred by not appointing appellate counsel in a timely manner. At
sentencing, the trial judge appointed appellant's trial attorney to serve
as his appellate attorney. In light of appellant's trial attorney's failure
to win an acquittal and less than a life sentence for appellant,
appellant's trial attorney and appellant concurred that it would be better
that another attorney take the case on appeal. The trial court did not
appoint appellate counsel until the seventieth day after sentencing. 
Trial counsel remained as counsel until this time and filed a motion for
new trial and notice of appeal. See Ward v. State, 740 S.W.2d 794, 796
(trial attorney's legal responsibilities do not automatically terminate at
the conclusion of trial).

 Appellant argues that abatement of this case is necessary so that
amendments may be filed on the motion for new trial, a hearing may be
requested for the motion for new trial, and so that a record may be
developed to determine if appellant received effective assistance of
counsel at trial. Any amendments to a motion for new trial, request for
a hearing on a motion for new trial or to develop a record for our review
are now untimely. Tex. R. App. P. 21.4, 21.6, 33.1. We therefore
overrule appellant's second point of error. 

 Appellant argues in his third point of error that he received
ineffective assistance of counsel. The United States Supreme Court and
the Texas Court of Criminal Appeals have both promulgated a two-prong procedure to determine whether representation was so
inadequate that it violated the defendant's sixth amendment right to
counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984);
Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986). 
First, trial counsel's performance must fall "below an objective standard
of reasonableness." Strickland, 466 U.S. at 687-88. This deficiency
must be of the extent that counsel failed to function as counsel. Epps
v. State, 24 S.W.3d 872, 881 (Tex. App.--Corpus Christi 2000, no pet.
h.). Secondly, the appellant must prove that "the deficient performance
prejudiced the defense" by "a reasonable probability that, but for
counsel's errors, the result of the proceeding would have been
different." Strickland, 466 U.S. at 686, 694. "A reasonable probability
is a probability sufficient to undermine confidence in the outcome." Id.
at 693. "Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim." 
Id. at 700. 
 

 The burden of proving ineffective assistance of counsel is on the
appellant by a preponderance of the evidence. Stafford v. State, 813
S.W.2d 503, 506 (Tex. Crim. App. 1991). This Court considers the
totality of the circumstances to determine if the Strickland requirements
are met. Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986). 
The defendant must overcome a strong presumption that counsel's
performance fell within the wide range of reasonable professional
assistance. Tijerina v. State, 921 S.W.2d 287, 289 (Tex. App.--Corpus
Christi 1996, no pet.). 

 Appellant complains that he did not receive effective assistance of
counsel because his trial counsel did not provide a record on which we
can determine whether he provided effective assistance. Appellant
states that trial counsel did not require the court reporter to record all
bench conferences and that counsel's written motions were so general
that they required presentation at an oral hearing to support them. The
only pre-trial issue that appellant complains about specifically is the
outcry statement by the victim of his crime. Although trial counsel
failed to file a motion to suppress the outcry statement of his victim, the
record before us clearly shows that the trial judge heard evidence on
this issue and ruled on it at a suppression hearing. Appellant is correct
that we cannot assess any harm from counsel's failure to develop a
stronger record for our review. Under appellant's argument, wherever
the record does not show harm, an appellant could assert that he
received ineffective assistance by trial counsel's failure to develop a
record to show harm. The fact remains that the law requires that,
where the record does not show harm by the alleged ineffective
assistance, the ineffective assistance claim must fail. See Strickland at
700.

 Appellant complains that trial counsel did not fully inform him of
the rights he would waive if he entered a guilty plea. The only possible
consequence from the error alleged by appellant is an inability, under
the old Helms rule, to appeal the suppression hearing for our review. 
Since, as explained above, appellant now has the right to have the
suppression hearing reviewed but did not chose to exercise this right,
there is no difference in the result of the proceeding.

 Appellant also argues that trial counsel should have informed him
that by choosing to testify at the punishment stage of the trial and by
admitting the facts of his confession, he waived all previous objections
to the admission of the confession. Since appellant's confession was
properly admitted at trial, and the jury had therefore already heard it,
this error has created no difference in the results of the proceeding. We
therefore reject this argument.

 Appellant argues that trial counsel should have ascertained
whether appellant was mentally competent to stand trial or enter a plea
and similarly, should have ascertained whether appellant was so
intoxicated from the use of prescription drugs that he was unable to
fully understand the implications of his plea. Appellant was under the
influence of Xanax at the time of trial. Xanax is a prescription drug for
panic disorders and agoraphobia. See Arky, R., M.D., Physicians' Desk
Reference (1998). Common side effects include drowsiness, light-headedness, depression, dry-mouth, diarrhea, and constipation. See id. 
The record provides no showing of trial counsel's research into his
client's mental state nor is there evidence of any deficiency in the
decisions counsel made. Counsel may have researched appellant's
mental health in great detail and determined that it was best not to
raise the issue; we may not second guess counsel's trial strategy. 

 Appellant argues trial counsel made no issue of his inability to read
the contents of his written statement. The only challenge appellant
raises comes from a dialogue about whether he meant that he used
physical or psychological pressure on his victim when he used the word
"made" when he stated that he "made [the victim] have oral sex on
him" in his statement. Appellant has failed show how this possible
difference gave rise to either a deficient performance or prejudice to
appellant's defense. We reject this argument.

 Appellant argues that trial counsel improperly promised appellant
that he would get ten years probation and that trial counsel failed to
inform him that if he had accepted the State's plea offer of ten years
confinement that he would be eligible for parole after five years. There
is no proof in the record that trial counsel made an improper promise or
failed to provide appellant with information about parole eligibility. We
therefore reject this argument. We overrule appellant's third point of
error.

 In his fourth point of error, appellant argues that the trial court
denied appellant due process of law because it failed to initiate an
investigation to determine appellant's competency to stand trial by
failing to empanel a jury for the purpose of conducting a competency
hearing. A trial court may not accept a defendant's plea until it
admonishes the defendant, makes a determination of his competency,
and determines that his plea is free and voluntary. Tex. Code Crim. P.
Ann. art. 26.13(a),(b) (Vernon 1989 and Supp. 2000). To be legally
competent, appellant must have the ability to consult with his lawyer
with a reasonable degree of rational understanding and have a rational
and factual understanding of the proceedings against him. Tex. Code
Crim. Proc. Ann. art. 46.02, §1 (Vernon 1979). 

 A trial judge is required to empanel a separate jury to determine
whether or not a defendant is mentally competent if the judge
determines that there is evidence to support incompetency to stand
trial. Williams v. State, 663 S.W.2d 832, 833 (Tex. Crim. App. 1984). 
We review a trial court's decision regarding whether to empanel a jury
to determine whether a defendant is competent to stand trial under an
abuse of discretion standard. Garcia v. State, 595 S.W.2d 538, 542
(Tex. Crim. App. 1980). An abuse of discretion occurs when a trial
court's decision is so clearly wrong as to lie outside that zone within
which reasonable persons might disagree. Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990). Under this standard, an
appellate court should only reverse when the trial court's acts are
arbitrary and unreasonable, and without reference to any guiding
principles. Id. at 380.

 Of the common side effects of Xanax,(3) only depression could
possibly raise a mental competency issue. See Moore v. State, 999
S.W.2d 385, 395 (Tex. Crim. App. 1999) (evidence of recent severe
depression may raise issue of defendant's competency to stand trial). 
Since the issue of mental competency was not raised by either party,
the trial judge would have been required to have raised the question
himself. A trial court is required to conduct a competency hearing sua
sponte only when evidence comes to its attention that raises a bona
fide or reasonable doubt in the judge's mind as to the defendant's
competency. Loftin v. State, 660 S.W.2d 543, 546 (Tex. Crim. App.
1983). We see nothing in the record that could have alerted the trial
court to consider conducting a competency hearing. We overrule
appellant's fourth issue.

 We AFFIRM the judgment of the trial court.


 MELCHOR CHAVEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 21st day of December, 2000.

1. Under Helms, when there had been no agreement between the
defendant and the State under which the defendant agreed to plead
guilty in exchange for a recommendation on punishment from the State,
a defendant who pleaded guilty waived appeal on all nonjurisdictional
defects. Helms v. State, 484 S.W.2d 925 (Tex. Crim. App. 1972). 
2. 8 S.W.3d 656 (Tex. Crim. App. 2000).
3. See Arky, R., M.D., Physicians' Desk Reference (1998).