Michael James PIPKIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–01111–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 24, 1999.

Ray Epps, Houston, for appellants.

Carmen Castillo Mitchell, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and LEE.*

**O P I N I O N**

LESLIE BROCK YATES, Justice.

Appellant, Michael James Pipkin, appeals his conviction for the felony offense

---

* Senior Justice Norman Lee sitting by assignment.

of forgery—counterfeit money. Following a jury trial, appellant was convicted and sentenced to six years imprisonment. In two points of error, appellant contends that he received ineffective assistance and that the trial court erred by not empaneling a jury to determine his competency to stand trial. We affirm.

On January 20, 1995, appellant was a passenger in a truck that was blocking a moving lane of traffic on a public street. Police officers from the Houston Police Department pulled in behind the truck, compelling the driver to speed off. After traveling a short distance, the driver then turned into an apartment complex without using a signal. The officers pursued and pulled in behind the truck to initiate a traffic stop. When the officers approached the truck, they noticed appellant in the passenger seat reaching toward the back seat. The officers thought appellant was reaching for a weapon and ordered him out of the truck. The officers then shined their flashlights into the back of the truck and observed an envelope lying on the floorboard; money trailed from the envelope. One of the officers reached into the truck to retrieve the envelope, at which time appellant stated, "That ain't my counterfeit shit."

The officers then placed appellant and the driver in the back seat of the patrol car and looked closely at the money in the envelope. During this examination, the officers noticed that some of the bills shared the same serial number, and had a strange texture and color. Believing the money to be counterfeit, the officers arrested appellant. At trial, the State established that the seized money, totaling $690.00, was counterfeit.

## INEFFECTIVE ASSISTANCE

A defendant in a criminal case is entitled to reasonably effective assistance of counsel. *See Wilkerson v. State,* 726 S.W.2d 542, 548 (Tex.Crim.App.1986). In order to establish ineffective assistance of counsel at the guilt/innocence phase of trial, appellant must show that counsel's representation fell below an objective standard of reasonableness based upon prevailing professional norms, and that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *See Miniel v. State,* 831 S.W.2d 310, 323 (Tex.Crim.App.1992).

The reviewing court will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. Thus, the appellant must overcome the presumption that, under the totality of the circumstances, the challenged action might be considered trial strategy. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). If the record contains no evidence of the reasoning behind trial counsel's actions, the reviewing court will not find counsel's performance deficient. *See id.*

In his first point of error, appellant contends his trial counsel rendered ineffective assistance because he failed to investigate and pursue appellant's Fourth Amendment claim. According to appellant, his former counsel filed a motion to suppress the counterfeit money on the grounds that the search was executed without probable cause, exigent circumstances, and consent. Appellant argues that trial counsel should have conducted proper investigation and pursued the motion; his failure to do either constitutes ineffective assistance

■ However, as the State notes, appellant has failed to create a record regarding counsel's trial strategies. Absent such a record, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Notwithstanding, appellant urges us to consider trial counsel's affida-

vit attached to his brief. However, such an attachment is not part of the appellate record and is not properly before this court. *See Thompson v. State*, 612 S.W.2d 925, 928 (Tex.Crim.App.1981). Therefore, we cannot consider counsel's affidavit.

■ Moreover, even if we were to address the merits of appellant's first point, we find that counsel did not render ineffective assistance. A motion to suppress is the appropriate vehicle to challenge the fruits of an allegedly illegal search. *See Jackson v. State*, 973 S.W.2d 954, 956 (Tex.Crim.App.1998). However, in order to establish ineffective assistance, an appellant is obliged to prove that had a motion to suppress been pursued, it would have been granted. *See id.; Roberson v. State*, 852 S.W.2d 508, 510–12 (Tex.Crim. App.1993). Appellant must, therefore, develop facts and details of the search sufficient to conclude that the search was invalid. *See Jackson*, 973 S.W.2d at 956. In the present case, appellant would not have had standing to contest the validity of the search because he was a mere passenger; the evidence adduced at trial established that appellant was not the owner of the truck. *See Flores v. State*, 871 S.W.2d 714, 720 (Tex.Crim.App.1993); *Cannon v. State*, 807 S.W.2d 631, 633 (Tex.App.— Houston [14th Dist.] 1991, no pet.). Consequently, appellant cannot show that had appellant's trial counsel pursued the motion to suppress, it would have been granted. Accordingly, appellant's claim that trial counsel rendered ineffective assistance is without merit, and appellant's first point of error is overruled.

## COMPETENCY HEARING

■ In his second point of error, appellant contends the trial court erred by failing to empanel a jury to determine his competency to stand trial after some evidence of appellant's incompetence was presented to the court. Appellant argues that the trial court invaded the province of the jury and determined his competency, in violation of article 46.02, sections 2(b) and 4(a) of the Code of Criminal Procedure.

Article 46.02, section 2(b) provides that if during trial, evidence of defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial. If, after conducting a section 2 hearing, the court determines there is evidence to support a finding of incompetency, then under section 4(a) the court is required to empanel a jury to determine the defendant's competency to stand trial.

■ A section 2 hearing before the court is required only if the evidence brought to the judge's attention is such as to raise a bona fide doubt in the judge's mind as to the defendant's competency to stand trial. *See Collier v. State*, 959 S.W.2d 621, 625 (Tex.Crim.App.1997) (citing *Johnson v. State*, 564 S.W.2d 707, 710 (Tex.Crim.App.1977)), *overruled by Williams v. State*, 663 S.W.2d 832 (Tex. Crim.App.1984), *cert. denied*, —— U.S. ——, 119 S.Ct. 335, 142 L.Ed.2d 276 (1998)).[1] In general, a bona fide doubt is

1. It is unclear what standard is required to compel the court to conduct a section 2—nonjury hearing—under article 46.02. Prior to *Collier v. State*, the Court of Criminal Appeals rejected the "bona fide doubt in the mind of the trial judge" standard mentioned in *Johnson v. State*, and employed the "some evidence" standard. *See Williams v. State*, 663 S.W.2d 832 (Tex.Crim.App.1984) (overruling *Johnson v. State* and its progeny). In *Williams*, the Court adopted the "some evidence" standard expressed in *Sisco v. State*, which provided that the trial court is required to assay only evidence tending to show in-

competency, putting aside all competing indications of competency, to find whether there was some evidence, a quantity more than none or scintilla, that rationally led to the conclusion of incompetency. *See id.* at 833–34; *see also Sisco v. State*, 599 S.W.2d 607 (Tex.Crim.App.1980) (rejecting the "bona fide doubt in the mind of the trial judge" standard as it applied to hearings before the court in advance of trial to determine if there was to be a separate jury trial on the issue of competency). The Court further held that this standard is to be applied consistently throughout article 46.02 proceedings whenever the issue

raised, so as to require a section 2 hearing, only if the evidence indicates recent severe mental illness, at least moderate mental retardation, or truly bizarre acts by the defendant. *See id.* To support its contention of incompetency, appellant cites to his attorney's opinion regarding his incompetency, and to his unresponsive answers when questioned by the trial court. This evidence is insufficient to raise a bona fide doubt, therefore, the trial court was not required to hold a section 2 hearing, much less submit the question of appellant's competency to a jury. Consequently, appellant's second point of error is overruled.

The trial court's judgment is affirmed.

of competency is raised during the course of the criminal action such that the trial court must make that determination. *See Williams,* 663 S.W.2d at 834. Arguably, under this standard, testimony from appellant's counsel that appellant was, in his opinion, incompetent, and appellant's inability to respond to the trial court's questions constitutes "some" evidence that is sufficient to compel the court to conduct a hearing under section 2. *See generally Hawkins v. State,* 660 S.W.2d 65, 83–84 (Tex.Crim.App.1983) (concluding that it was error to refuse to empanel a jury when the defendant's attorneys testified as to his incompetence, since the testimony presented some evidence of incompetence). Both standards are presently good law. Until the Court of Criminal Appeals reconciles this issue, and because *Collier* is the most recent expression of the Court's opinion on the matter, we are compelled to follow *Collier*'s bona fide doubt standard.