99-00628 Freeman v State of Texas.wpd



No. 04-99-00628-CR



Jesse Todd FREEMAN,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 98-CR-5956


Honorable C.W. Duncan, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Phil Hardberger, Chief Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: August 16, 2000


AFFIRMED

 Pursuant to a plea bargain agreement, Jesse Todd Freeman pleaded no contest to a charge of
indecency with a child. The trial court found Freeman guilty and sentenced him to two years
imprisonment. On appeal, Freeman contends his plea was involuntary because it was based on (1) his
trial counsel's erroneous representation that he would be released immediately due to the time he had
already served, and (2) his counsel's inadequate investigation. We affirm.

 "When a defendant enters his plea upon the advice of counsel and subsequently challenges the
voluntariness of that plea based on ineffective assistance of counsel, the voluntariness of such plea
depends on (1) whether counsel's advice was within the range of competence demanded of attorneys
in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors,
he would not have pleaded guilty and would have insisted on going to trial." Ex parte Morrow, 952
S.W.2d 530, 536 (Tex. Crim. App. 1997), cert. denied, 525 U.S. 810 (1998); see also Ex parte
Battle, 817 S.W.2d 81, 84 (Tex. Crim. App. 1991). Under this test, there is "a strong presumption
that counsel's conduct falls within a wide range of reasonable representation." McFarland v. State,
928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (citing Strickland v. Washington, 466 U.S. 668, 689
(1984)), cert. denied, 519 U.S. 1119 (1997). The defendant must therefore prove his allegations by
a preponderance of the evidence. Id. Accordingly, "a defendant's claim he was misinformed by
counsel, standing alone, is not enough for us to hold his plea was involuntary." Fimberg v. State, 922
S.W.2d 205, 208 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd).

 The record establishes Freeman signed the written admonishments permitted by article 26.13,
Tex. Code Crim. Proc. Ann. The trial court also orally admonished Freeman, and in response to
the trial court's questions at the plea hearing, Freeman unequivocally stated he was entering his plea
of his own free will, that nobody had promised him anything for his plea, and he was not threatened
or forced to enter the plea. Freeman also indicated his understanding that he had more time to serve
under the plea agreement when he told the court he would like to serve the remainder of his time in
the county jail. Although Freeman filed a motion for new trial in which he made the allegation he
argues on appeal, he later withdrew the motion and no evidence was ever presented on the issue.
There is thus nothing in the record suggesting that Freeman expected to be released immediately
because of time served and there is no evidence of what Freeman's attorney told him about the plea
bargain, how the time he had served would be credited, or the minimum amount of time he would
have to serve. Accordingly, Freeman has not met his burden of proving his attorney's conduct fell
outside the range of reasonable representation or that his plea was involuntary. See Fimberg, 922
S.W.2d at 208. (1)

 Freeman also contends his counsel was ineffective because he inadequately investigated the
case and that this contributed to Freeman's decision to accept the plea bargain. There is no evidence
in the record regarding trial counsel's investigation or the effect it had on Freeman's decision to plead
no contest. His complaint is thus without merit. See Johnson v. State, 691 S.W.2d 619, 626-27 (Tex.
Crim. App. 1984), cert. denied, 474 U.S. 865 (1985). We therefore affirm the trial court's judgment.


 Sarah B. Duncan, Justice

Do not publish
1. Freeman's affidavit, attached to his brief, is not part of the record, and we may not consider it. See Pipkin
v. State, 997 S.W.2d 710, 711-12 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd).