Opinion of April 3, 2003 Withdrawn; Affirmed and Substituted Memorandum
Opinion filed April 24, 2003

















Opinion of April 3, 2003 Withdrawn; Affirmed and Substituted Memorandum Opinion filed April 24, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-02-00677-CR

____________

 

SIDNEY LETBETTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

____________________________________________

 

On Appeal from
the County Criminal Court at Law Number Four

Harris County, Texas

Trial Court
Cause No.  1096527

 

____________________________________________

 

S U B S T I
T U T E D   M E M O R A N D U M   O P I N I O N

            The opinion previously issued in
this case on April 3,
 2003, is withdrawn and this substituted  memorandum opinion is issued in its place.

            After a jury trial, appellant Sidney
Letbetter, was found guilty of driving while intoxicated,
and sentenced by the court to thirty-two days’ confinement in the Harris County jail and a
$500 fine.  On appeal, appellant raises
ineffective assistance of counsel as his sole issue.  We affirm.









Factual Background

            Late in the evening of January 14, 2002,
complainant Crystal Hightower’s vehicle was struck from behind by appellant’s
vehicle at an intersection in north Harris County, Texas.  Hightower immediately called her boyfriend to
tell him about the accident.  As Hightower
and appellant began exchanging information, she noticed that he had an
overwhelming odor of alcohol about him and slurred speech.  Two of appellant’s friends who had been
following him in a separate car urged Hightower to simply exchange information
with appellant and forego calling the police, as they had been drinking and did
not want appellant to be arrested. 
Appellant nodded his head in agreement with his friends’ request.  However, after Hightower’s boyfriend spoke
with appellant on Hightower’s cellular phone, he urged her to call the
police.  Hightower’s boyfriend arrived at
the scene before the police, and noticed appellant’s glassy eyes and strong
odor of alcohol.  

            Police officers arrived at the scene
some forty-five minutes after the accident, and immediately suspected appellant
was under the influence of alcohol due to his slurred speech, droopiness,
strong odor of alcohol, slow response time to questioning, and poor
balance.  Appellant admitted to one
officer that he had just left a bar after having two drinks, an antidepressant,
and some cough medicine.  When the
officer administered a one-leg stand field sobriety test, appellant almost fell
down, dropped his foot six times in ten seconds, and exhibited significant
swaying during a second test.  When the
officer performed a horizontal gaze nystagmus test,
he observed six clues suggestive of intoxication.  Appellant was placed under arrest for driving
while intoxicated and taken to the police station.  Appellant’s breath test taken around midnight revealed an alcohol concentration
of 0.10, in excess of the 0.08 required for intoxication.

            In a videotape of appellant taken at
the police station, appellant admitted he had not eaten any food all day, had
taken some cough and cold medicine, had consumed two alcoholic drinks  within a half hour of the accident, and was
absolutely under the influence of medication and alcohol at the time of the
videotaping.  Later at trial, the
waitress who had served appellant his drinks that evening testified to serving
him two jumbo hot dogs and four alcoholic drinks, two of which he
“chug-a-lugged” as he was leaving the bar.

            Ricky Duane Viser,
the State’s expert witness on retrograde extrapolation, testified at trial that
under the State’s hypothetical fact situations, a person would have had an
alcohol concentration of between 0.11 and 0.14 at the time of the accident,
assuming a concentration of 0.10 at midnight.  The hypothetical situations assumed a
200-pound male involved in a motor vehicle accident at 10:15 p.m., who consumed his first drink at 9:30 p.m. and his last drink at 10:00 p.m., both with food and without
food.  Defense counsel vigorously
cross-examined Viser, attacking his assumptions, hypotheticals, and the resulting extrapolation of alcohol
concentration.  Viser
admitted that some of the factors mentioned by defense counsel, such as hematocrit, total amount of alcohol consumed, and
“tolerance,” would be useful in determining a precise extrapolation
calculation, but are not critical and do not prevent extrapolation of an
alcohol concentration range.  Viser also testified to the synergistic and additive
effects of combining alcohol with antidepressants and cough and cold
medications, which effects would compound the intoxication.  The trial court overruled appellant’s motion
to strike all of Viser’s testimony on the basis it
lacked sufficient hypothetical facts upon which to base a retrograde
extrapolation.  The court essentially
stated that appellant’s complaints went to the weight, not the admissibility,
of the extrapolations. 

            During his case in chief, appellant
presented his own extrapolation expert, toxicologist Ernest Lykissa.  Lykissa disagreed
with Viser’s calculations, testifying that given a
hypothetical of a person consuming five drinks and two large hot dogs between 9:30 p.m. and 10:00 p.m., he would expect an alcohol concentration of 0.05 or
less at 10:00 p.m.  Under cross-examination, however, he
testified that when combined with certain medications such as cough and cold
remedies, even one drink could make a person intoxicated, and consuming alcohol
with an antidepressant such as Zoloft could cause not only intoxication, but
hallucinations.  Testifying on his own
behalf, appellant stated he had taken his regular Zoloft antidepressant that morning,
had three ounces of Nyquil around 4:30 that afternoon, and 

class=Section3> 

consumed
two hot dogs and five bourbon-and-sodas during the forty-five minutes he was at
the bar that night, “chug-a-lugging” two of the drinks as he was leaving.  He also took a swallow of Nyquil while
waiting for the police to arrive after the accident.  He denied being intoxicated when he left the
bar, and stated he had felt fine at the time of the accident.  According to appellant, he began to feel
intoxicated when the police arrived, and by the time he was videotaped at the
station, he was intoxicated.  

            On appeal, he contends his counsel
was ineffective in failing to seek suppression of Viser’s
retrograde extrapolations. 

Analysis

            We examine ineffective assistance of
counsel claims under well-established standards.  See
Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 726
S.W.2d 53, 56–57 (Tex. Crim. App. 1986).  It is appellant’s burden to show by a
preponderance of the evidence that trial counsel’s performance was deficient
because it fell below prevailing professional norms, and that the deficiency
prejudiced appellant; that is, but for the deficiency, there is a reasonable
probability the result of the proceeding would have been different.  See Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).  A reasonable probability is one
sufficient to undermine confidence in the outcome.  Mitchell
v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). 
Any allegation of ineffectiveness must be firmly founded in the record,
and the record must affirmatively demonstrate the alleged ineffectiveness.  Thompson
at 812.

            Here, appellant contends trial
counsel was ineffective in his failure to timely object to the retrograde
extrapolation testimony, and in failing to file a pre-trial motion to suppress Viser’s testimony. 
Appellant claims the extrapolation testimony was faulty because it did
not meet the requirements of Mata v.
State, 46 S.W.3d 902 (Tex. Crim. App. 2001).  His argument does not point to any specific
non-compliance with the Mata
requirements, but rather, takes the position that Viser’s
first extrapolation was erroneous in its hypothetical assumption that appellant
had no food to eat that day, and Viser’s opinion
contradicted appellant’s own expert who was clearly the more experienced and
qualified scientist.  Appellant argues
that had the issue been tested by a pre-trial motion to suppress, the court may
have ruled the evidence inadmissible, which may have negated the need for
appellant’s expert to testify.  Thus, the
jury may have been spared from listening to damaging testimony about the
synergistic effect of appellant’s alcohol and medication consumption, therefore
resulting in a different jury verdict. 

            We first address appellant’s
underlying burden to present a record sufficient to review the alleged
ineffectiveness, as without this foundation, his arguments fail. Appellate
review of defense counsel’s representation is highly deferential and presumes
counsel’s actions fell within the wide range of reasonable and professional
assistance.  Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 
The Texas Court of Criminal Appeals has consistently stated that the
record on direct appeal will normally not be sufficient to show counsel’s
representation was so deficient and so lacking in tactical or strategic
decision-making as to overcome the presumption that counsel’s conduct was
reasonable and professional.  Id.; Mitchell, 68 S.W.3d at 642; Mallet v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  As
that court recently reiterated, rarely will the trial record contain sufficient
information to permit an appellate court to fairly evaluate the merits of such
a serious allegation, as the record will simply be undeveloped.  Bone
at 833.  This case is no different.  As in those instances cited by the Court of
Criminal Appeals, nothing in the record before us proves counsel’s actions were
the product of an unreasoned or unreasonable strategy, or that there was a fair
probability that it led to either an unreliable guilty verdict or unjust
punishment.  See Bone at 834.  

            Even assuming appellant presented a
sufficiently developed record on appeal, the lynchpin of his position is that a
motion to suppress or a timely objection to Viser’s
testimony would have been granted; this is an essential element of his burden
of proof.  See Jackson v. State, 973 S.W.2d 954 (Tex. Crim. App. 1998); Pipkin v. State,
997 S.W.2d 710, 712 (Tex.  App.—Houston [1st
Dist.] 1999, pet. refused).  We note that
although appellant’s objection to Viser’s
extrapolation testimony came well after the conclusion of such testimony, the
trial court ruled on the merits of the objection, noting there was more than
enough information on which to base a reliable retrograde extrapolation under Mata. 
We find defense counsel was not ineffective in failing to timely object
to Viser’s testimony. 

            Appellant also fails to establish
that a pretrial motion to suppress Viser’s testimony
would have been granted.  He places
significant emphasis on Viser’s hypothetical
assumption that appellant had not consumed food with the alcohol.  Appellant argues that such hypothetical
should have been excluded, as the waitress testified to serving appellant two
jumbo hot dogs with his drinks that night. 
However, it is not clear from the record whether appellant consumed the
hot dogs before leaving.  Although the
waitress testified that she brought appellant two hot dogs right before he
left, she never stated appellant ate them, as he had been in a hurry to leave
to go and eat dinner.  While being
videotaped at the police station, appellant stated he had not eaten any food
all day, and that he had consumed an entire bottle of cough and cold medicine.  Even appellant’s own trial testimony fails to
clarify the uncertainty.  Based on the
record, we cannot say appellant has shown counsel ineffective in failing to
seek suppression of Viser’s extrapolation
testimony.  

            We likewise cannot say appellant met
his burden of proving the suppression motion would have been granted under Mata. 
Although appellant argues a pretrial suppression motion could have
attacked Viser’s testimony as insufficient and
unreliable under Mata, the trial
court rejected counsel’s Mata
objections.  In Mata, the Court of Criminal Appeals set forth several factors for
the trial court to use in evaluating the reliability of a retrograde
extrapolation, such as weight and gender, drinking patterns and tolerance, how
much the person drank at the time in question, what the person drank, the
duration of the drinking spree, the time of the last drink, and how much and
what the person had to eat before, during or after the drinking.  Mata
at 916.  The court noted, however, that
an extrapolation expert need not know every single personal fact about the
defendant in order to produce a reliable extrapolation.  Id.  Appellant’s counsel was not ineffective in
failing to file a pretrial motion to suppress under Mata.  See Jackson, 973
S.W.2d at 957. 

            Finally, even assuming deficient
representation, appellant fails to affirmatively prove harm from counsel’s
failure to file a suppression motion. 
The basis of his alleged harm is grounded in a series of speculations —
that the suppression motion may have been granted, thus possibly rendering Lykissa’s testimony unnecessary, therefore, the jury might
have been spared from listening to damaging testimony regarding the synergistic
effects of alcohol and medications, which may have led to a different
verdict.  This amounts to little more
than vague, inarticulate guesswork, which is not a legal basis for finding
counsel incompetent.  See Bone,
77 S.W.3d at 836; Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). 

Conclusion

            Appellant has failed to meet his
burden of proving ineffectiveness of counsel under either prong of the Strickland test.  His sole issue on appeal is overruled, and
the judgment is affirmed. 

 

 

                                                                                    

                                                                        /s/        Eva M. Guzman

                                                                                    Justice

 

 

Judgment
rendered and Substituted Memorandum Opinion filed April 24, 2003.

Panel consists
of Justices Anderson, Seymore, and Guzman.

Do Not
Publish — Tex. R. App. P. 47.2(b).