Affirmed and Memorandum Opinion filed September 25, 2003









Affirmed and Memorandum Opinion filed September 25,
2003.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00646-CR

____________

 

EDUARDO SANTOS MELGAR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 851,955

 



 

M
E M O R A N D U M   O P I N I O N

A
jury found appellant guilty of sexual assault and assessed punishment at twenty
years=
confinement in the Texas Department of Criminal Justice, Institutional Division
and a $10,000.00 fine.  Appellant
complains that (1) the trial court erred by failing to conduct a competency
inquiry, (2) appellant=s attorney committed two acts of
ineffective assistance of counsel, and (3) the trial court erred by neglecting
to instruct the jury on the State=s burden-of-proof regarding
extraneous offenses during punishment. 
We affirm.

 








FACTUAL
AND PROCEDURAL BACKGROUND

Appellant
and the complainant=s family attended the same
church.  After becoming friends,
appellant asked the complainant=s father if someone in the family
could help him become more proficient in English.  The family sent the complainant to tutor
appellant on a weekly basis.  Appellant
manipulated the complainant by telling her that intercourse with him would cure
her acne, and it Awas God=s
will.@  Appellant
was charged with sexual assault.

Before
trial, appellant=s two attorneys requested
psychiatric examinations of appellant because he repeatedly quoted the Bible
and had Alost
touch with reality.@ 
Both times the psychiatrist found appellant sane and competent.  At trial, the jury found appellant guilty of
sexual assault.  During the punishment
phase, the State mentioned previous bad acts related to the offense.  The State referred to oral sex, alcohol, and
pornography.  The trial court failed to
instruct the jury on the burden-of-proof required for prior bad acts. 

DISCUSSION

Appellant
raises three points of error.  First,
appellant contends the trial court abused its discretion by failing to conduct
a Section 2 competency inquiry.  Tex. Code Crim. Proc. Ann. art. 46.02, '
2(a) (Vernon 1979).  Second, appellant
contends he received ineffective assistance of counsel because his attorney
failed to request a mental health expert and failed to object to the State=s
closing argument.  Finally, he argues the
trial court erred by not instructing the jury on the State=s
burden-of-proof regarding extraneous offenses during punishment.

I.       Competency Inquiry








A
defendant lacks competency to stand trial if he does not have (1) sufficient
present ability to consult with his lawyer with a reasonable degree of rational
understanding, or (2) a rational as well as factual understanding of the
proceedings against him.  Id. '
1A(a) (Vernon Supp. 203).  The issue of
competency may be raised before or during trial.  See id. ' 2(a), (b).  When raising the issue of competency before
trial, Texas Code of Criminal Procedure article 46.02, section 2(a)
applies.  It provides the following:

The issue of the defendant=s
incompetency to stand trial shall be determined in
advance of the trial on the merits if the court determines there is evidence to
support a finding of incompetency to stand trial on
its own motion or on written motion by the defendant or his counsel filed prior
to the date set for trial on the merits asserting that the defendant is
incompetent to stand trial.   

Id. ' 2(a).  Another provision in the Code provides for a
mandatory incompetency hearing if during trial,
the court determines evidence of incompetency exists.[1]  See Tex.
Code Crim. Proc. Ann. art. 46.02, ' 4 (Vernon 1979 & Supp. 2003); see
also McDaniel v. State, 98 S.W.3d 704, 710 (Tex. Crim.
App. 2003).








The
Texas Court of Criminal Appeals has interpreted Section 2 to require the trial
court to conduct an inquiry Aif evidence of the defendant=s
incompetency is brought to the attention of the court
from any source.@ 
McDaniel, 98 S.W.3d at 710 (citing Collier v. State, 959
S.W.2d 621, 625 (Tex. Crim. App. 1997) (citations
omitted)).  AA
Section 2 or >competency inquiry=
is required only if the evidence brought to the judge=s
attention raises a bona fide doubt in the judge=s mind about the defendant=s
competency to stand trial.@ 
Id.  (citations
omitted).  In fact, the Texas Court of
Criminal Appeals presented five requirements that each must be fully satisfied
before advancing to the next step.  See
id. at 711.  The requirements include
the following:

1)         if
a competency issue is raised by the defendant, any party, or the court; and

2)         evidence
of incompetency is brought to the attention of the
trial court by the defendant, any party, or the court;

3)         of
the type to raise a bona fide doubt in the judge=s mind regarding the defendant=s competency to stand trial; then

4)         the
judge must conduct a Section 2 Acompetency inquiry@ to determine if there is some evidence sufficient to
support a finding of incompetence, and if there is,

5)         the judge must impanel a jury for a
Section 4 Acompetency hearing.@
 

McDaniel, 98 S.W.3d at 710B11
(emphasis in original).  Before a trial
court is required to conduct a competency inquiry, appellant must satisfy the
first three requirements of McDaniel. 
Id.








Here,
appellant established only the first step. 
Appellant=s counsel, on two occasions, made a
motion for a psychiatric examination. 
This satisfied the first stepCraising the issue of
competency.  Id.  The motions included counsel=s
argument that, A[t]he defendant has lost touch with
reality.  He cannot respond to plea
negotiations.@ 
On both occasions, the trial court granted the motions, and a
psychiatrist evaluated appellant.  Twice,
the psychiatrist found appellant competent and sane.  The psychiatrist found appellant could
consult with his attorney to a reasonable degree and could understand the legal
proceeding against him.  The psychiatrist=s
reports were the only evidence before the trial court, and those reports were
evidence of competency.  Appellant never
brought evidence of incompetency to the attention of
the trial court.  See McDaniel, 98
S.W.3d at 710.[2]  Even though appellant satisfied the first requirement,
he did not satisfy the second and third requirementsCmandating
the trial court to conduct a competency inquiry.  See id. at 711 (holding that A[a]ppellant fulfilled step one, but when no evidence was
brought to the trial court=s attention to raise a bona fide
doubt about his competency to stand trial, steps two and three were not
satisfied@). 
Neither the motion nor the psychiatric evaluation, by themselves,
require the trial court to conduct a competency inquiry.  See id.  We overrule appellant=s
first issue.

II.      Ineffective Assistance of Counsel

Next,
appellant raises two issues complaining of ineffective assistance of
counsel.  The standard for determining
whether a defendant has received ineffective assistance of counsel is set out
in Strickland v. Washington, 466 U.S. 668, 694 (1984).  See also Massaro
v. U.S., 123 S. Ct. 1690, 1691 (2003); Rodriquez v. State, 899
S.W.2d 658, 664 (Tex. Crim. App. 1995).  The standard is well-known by the parties and
much-discussed in the case law.  We need
not reiterate it here.








Appellant
claims counsel mishandled his competency claim because he failed to request a
mental health expert, and he claims counsel failed to object to the State=s
closing arguments during trial.  We
cannot conclude counsel was deficient in either instance because the record
does not contain the attorney=s reasons for his actions and does
not address the ineffective assistance of counsel arguments.  See Grant v. State, 33 S.W.3d 875, 879B80
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Without this evidence in the record,
appellant fails the first part of the Strickland test, and because
appellant failed the first prong, we are not required to address the second
prong.  Garcia v. State, 57 S.W.3d
436, 440 (Tex. Crim. App. 2001).  Therefore, we overrule his two points of
error.

III.     Jury Charge

Finally,
appellant complains that the trial court erred by failing to include a
burden-of-proof instruction in the jury charge during the punishment phase of
trial.  Appellant, in his brief, does not
direct this Court to the bad acts that he believed should have received a
burden-of-proof instruction.  After
examining the record, the extraneous bad acts we found included the
following:  (1) the complainant testified
appellant would give her beer; (2) the complainant testified appellant would
show her pornographic movies; and (3) the complainant testified appellant
performed oral sex on her many times. We do find the trial court erred by not
including the instruction; however, as we explain below, the error was not
egregious.  








Appellant
did not object to the jury charge at the punishment phase.  Under Huizar,
even if appellant does not object, the trial court must instruct the jury on
the burden-of-proof for extraneous offenses and bad acts.  Huizar v.
State, 12 S.W.3d 479, 484 (Tex. Crim. App. 2000)
(holding that the burden-of-proof instruction is required in the jury charge if
the jury is to consider prior bad-act evidence).  However, when an appellant fails to object to
the charge, that appellant must show the harm was so egregious that he Ahas
not had a fair and impartial trial.@ 
Almanza v. State, 686 S.W.2d
157, 171B72
(Tex. Crim. App. 1985); see also Webber v. State,
29 S.W.3d 226, 235B36 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d). 
AEgregious
harm is present whenever a reviewing court finds that the case for conviction
or punishment was actually made clearly and significantly more persuasive by
the error.@ 
Gholson v. State, 5 S.W.3d 266, 269 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d). 
We must determine whether appellant suffered actual, not just
theoretical, harm.  Almanza,
686 S.W.2d at 174; Allen v. State, 47 S.W.3d 47, 51 (Tex. App.CFort
Worth 2001, pet. ref=d). 
To determine whether the error was egregious, we consider the following
four factors:  (1) the entire jury
charge, (2) the state of the evidence, including contested issues, (3) the
arguments of counsel, and (4) any other relevant information.  Almanza, 686
S.W.2d at 172; see also Webber, 29 S.W.3d at 236.

On
June 12th, the trial court charged the jury regarding appellant=s
guilt or innocence.  Included in that
jury charge was a burden-of-proof instruction. 
The jury then deliberated and found appellant guilty.  Immediately after finding appellant guilty,
the punishment phase began.  The State
called three witnessesCtwo of whom had already testified in
the guilt-innocence phase of trialCand then rested.  The defense admitted some evidence, but did
not call any witnesses.  The trial court
then instructed the jury, but failed to include a burden-of-proof
instruction.  However, the charge did
inform the jurors they were Athe exclusive judges of the facts
proved, of the credibility of the witnesses and of the weight to be given their
testimony.@ 


Appellant
does not argue on appeal that if the trial court had given a proper
burden-of-proof instruction, the evidence was insufficient to prove beyond a
reasonable doubt he committed those extraneous offenses.  Gholson, 5 S.W.3d at 271.  Instead, appellant did not contradict the
statements in any way during the punishment phase, and focused only on
informing the jury he was eligible for community supervision.  

We
recently held when the Agreat weight of the evidence
supports the facts giving rise to the presumption, egregious harm has not
occurred.@ 
Webber, 29 S.W.3d at 237. 
Here, the great weight of the evidence found appellant guilty of sexual
abuse of a minor.  The evidence displayed
how appellant took advantage of the complainant, and the trust of the
complainant=s family.  The focus throughout the punishment phase
centered around the repeated sexual assaultsCnot the brief mention of three
extraneous bad acts. 








Nothing
in the record suggests that the jury would have considered the extraneous
offenses differently if the trial court had included the burden-of-proof
instruction.  Even though the trial court
erred in omitting a burden-of-proof instruction in the punishment phase, the
appellant has not met his burden of showing the error was egregiously harmful
as to deny him a fair and impartial trial. 
We overrule appellant=s last issue.

In
conclusion, we overrule all of appellant=s issues and affirm the judgment of
the trial court.

 

 

 

/s/        Wanda
McKee Fowler

Justice

 

 

 

 

Judgment rendered and Opinion filed
September 25, 2003.

Panel consists of Chief Justice Brister and Justices Fowler and Edelman.

Do Not Publish C
Tex. R. App. P. 47.2(b).

 

 











[1]  Appellant
spends the majority of his brief focusing on pre-trial incompetency.  He does mention statements made during trial,
but he fails to fully articulate that statements or actions showing incompetency during trial fall under a different
sub-section of the Texas Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art. 46.02, ' 2(b)
(Vernon 1979).  If during trial Aevidence of the defendant=s incompetency is brought to
the attention of the court, ... the court must conduct a hearing ... to
determine whether or not there is evidence to support a finding of incompetency to stand trial.@  Id. 
Only evidence that raises a Abona
fide doubt in the judge=s mind@ should be used to determine competency.  See Pipkin v.
State, 997 S.W.2d 710, 712 (Tex. App.CHouston
[14th Dist.] 1999, pet. ref=d).  A bona fide
doubt is shown Aif the evidence indicates recent severe mental
illness, at least moderate mental retardation, or truly bizarre acts by the
defendant.@  See id. at
712B13.  Here,
appellant=s responses to the trial court=s questions during trial displayed strong religious
commitment.  He spoke Ain the name of Christ@ and
through his faith Acovered in Christ=s blood
[he knew] everything [was] going to be fine.@  First, appellant=s conduct at trial was no different from the conduct
he exhibited pre-trialCand for which he received two psychological
evaluations.  Both evaluations concluded
he was sane and competent to stand trial. 
So, in essence, the trial court already had a finding as to competency
to stand trial regarding these acts. 
Therefore, the trial court did not err in failing to conduct a hearing
during trial.





[2]  We acknowledge
that footnote 19 of McDaniel provides the following:

 

This evidence [referred to in requirement number 2]
need not be in admissible form.  Reliable
information that meets the standards of Tex.
R. Evid. 104(a) suffices.  Thus,
for example, the defendant=s attorney might orally recite the specific problems
he has had in communicating with his client, and the trial judge might consider
the defendant=s conduct or statements in court. 

 

McDaniel, 98
S.W.3d 710 n.19.  However, this does not
stand for the proposition that the Aevidence@ required to show incompetency
may be appellant=s Motion for Psychiatric Examination.  AAn unsworn motion requesting a
psychiatrist and an unsworn statement by appellant=s attorney does not constitute >evidence= under Art. 46.02, Sec. 2(a) ... to support appellant=s motion or otherwise raise the issue of competency so as
to require a hearing.@  Green v. State, 682 S.W.2d 271, 290B91 (Tex. Crim. App. 1984).